UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH ALLAN ACQUAH,

Plaintiff,

v.

DAVID BAUGHMAN, et al.,

Defendants.

No. 2:19-cv-1470 DB P

ORDER

Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. Plaintiff's complaint was filed here on July 31, 2019. However, the complaint is dated August 15, 2019, after its filing here, and it is not signed.

The court cannot consider unsigned filings, and the complaint must therefore be stricken from the record. Fed. R. Civ. P. 11(a); E.D. Cal. R. 131. Plaintiff will be provided thirty (30) days to file a signed and appropriately dated complaint. Below, the court sets out the pleading standards and the legal standards which appear to apply to plaintiff's claims.

**I.    Pleading Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Therefore, to state a claim under § 1983, plaintiff must clearly identify each defendant and describe just what that defendant did that violated his constitutional rights. Plaintiff should carefully review the legal standards set out below to determine whether a defendant's conduct amounts to a constitutional violation.

## II. Legal Standards

### A. Excessive Force

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320). In order to prevail on a claim of cruel and unusual punishment, however, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

For claims arising out of the use of excessive physical force, the issue is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (quoting Hudson, 503 U.S. at 7). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8, and although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10).

**B. Supervisory Liability**

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

To allege a defendant instituted a prison policy that harmed him, plaintiff must: (1) identify that policy with specificity, (2) show that the defendant was directly responsible for it, (3) show that the defendant knew the policy could cause plaintiff harm, and (4) show how the policy caused him harm. See Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011). To allege a defendant failed to train, plaintiff must show: (1) that the defendant was responsible for that training, (2) just what the defendant did or did not do, (3) that the defendant knew his actions could cause plaintiff harm, and (4) that the actions did cause plaintiff harm. See Edgerly v. City & Cnty. of S.F., 599 F.3d 946, 962 (9th Cir. 2010) (dismissing supervisory liability claim when no facts "suggest [Sheriff] provided any training to Officers...., or that he was responsible for providing formal training to any officers.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is stricken from the record for lack of a signature;
2. The Clerk of the Court shall send plaintiff a civil rights complaint form;
3. Within thirty (30) days of the date of service of this order, plaintiff must file a signed, appropriately-dated complaint; and

////
////
////
////
////

4. If plaintiff fails to comply with this order, this court will recommend this action be dismissed.

DATED: August 2, 2019

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/acqu1470.no sign